[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 53 year old plaintiff wife and the 39 year old defendant husband were married on November 14, 1980 in Bethlehem, Connecticut. They separated when the defendant left the marital home on August 23, 1990. No children were born to the plaintiff since the date of this marriage but she has two adult daughters of a prior marriage, the older of whom now lives with her. The defendant has been living with his parents.
Shortly after the marriage, the parties located and purchased with plaintiff's money which she withdrew from her trust, a home known as 84 Judge Lane, Bethlehem, Connecticut. The defendant received $2,500 from the closing as his share of the real estate commission as co-broker on the sale, which he spent on things for the house. The parties thereafter repaired and refurbished the house and grounds, with the defendant contributing the materials and much of the labor.
At the time of the marriage, the plaintiff was working as a dental assistant. The defendant was working as a salesman and estimator at Argene Interiors, Waterbury until October, 1987 when the defendant began his own design, drapery, and drapery installation business which he is presently conducting. The parties contributed their earnings to the maintenance of their home, supplemented by $700 monthly drawn by the plaintiff from her trust.
The parties acquired a time-share condominium unit in Newport, R.I. for one week in August annually, for a purchase price of $16,000. Two thousand was contributed from joint funds and the balance was obtained by placing an equity mortgage on the home. There remains a balance of $5,885. The defendant paid the monthly installments from his checking account until last summer when the plaintiff began paying the monthly installment including CT Page 1841 a voluntary payment of principal. The plaintiff funded the defendant's IRA account on two occasions totaling $4,000. The defendant's current affidavit lists an IRA $17,898 and other bank accounts totaling $19,335 which the defendant acknowledged he has saved since the marriage.
The plaintiff also conducted a ballet school and for several years was a church organist. Since August, 1990, the plaintiff has not worked. She increased her monthly income paid by the Trust to $1,200 monthly in early 1991. The plaintiff is presently seeking employment.
The parties each testified that the marriage had broken down about the time of or shortly after the defendant opened his own business which he operated from the parties' home. The parties differed sharply as to the causes of the breakdown. Suffice to say that they knew each other for several years prior to the marriage and, having accepted each other, several years later each began to complain to the other about the other's faults.
Having reviewed the evidence in light of the statutory criteria, the court enters the following.
1. A decree may enter on the complaint dissolving the marriage on the ground of irretrievable breakdown. The cross complaint is dismissed as moot.
2. The plaintiff is awarded the real estate known as 84 Judge Lane, Bethlehem, Connecticut and she shall assume the mortgage balance and hold the defendant harmless from claims arising from the said real estate.
3. The defendant is awarded the time share condominium unit located at Newport, Rhode Island.
4. Each party shall otherwise retain all of the other assets each now has free of any claims by the other party.
5. Each party shall pay the liabilities as listed on the respective affidavits.
6. The parties have adopted a division of the tangible personal property which they shall carry out and complete.
7. No periodic alimony is awarded.
8. The parties shall be responsible for their respective legal expenses.
9. The defendant shall take no action that may affect CT Page 1842 plaintiff's COBRA rights which she may retain at her expense.
10. The plaintiff's maiden name, Hungerford, is restored to her.
Each party is ordered to execute the necessary documents to carry out the above described orders.
The attorney for the plaintiff shall prepare the judgment file.
HARRIGAN, J.